In re Clifton C. CLEMENTS and Christine M. Clements, Debtors.

No. 08–51006.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Jan. 13, 2010.

Roland S. Carlton, Jr., Staunton, VA, for Debtor.

Herbert L. Beskin, Charlottesville, VA, Trustee.

**DECISION AND ORDER**

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District this 13th day of January, 2010:

A hearing was held on December 17, 2009, on an Amended Objection to Plan Confirmation filed on September 29, 2009, by A. Troy and Pamela Rutherford. After considering the evidence and arguments presented at trial as well as the parties' briefs the Court makes the following findings of fact and conclusions of law.

The Debtors filed their Chapter 13 petition on September 29, 2008. On January 16, 2009, A. Troy and Pamela Rutherford (hereafter the "Rutherfords") filed a $27,468.66 Proof of Claim in the Debtors' estate (hereafter the "Rutherfords' Claim"). The Rutherfords' Claim stems from a $37,500.00 loan made by the Rutherfords to the Debtors. The loan is memorialized by a Promissory Note dated June, 23, 2003 (hereafter the "Note"). The Note provided for monthly payments of $266.07 with an interest rate of 7.65% to be paid over the course of five years. Assuming all payments were made on time, there would have been a $35,533.57 balloon payment due on June 23, 2008. Due to additional payments made by the Debtors, the actual amount due on June 23, 2008 was approximately $26,000.00. The Note is secured by a second lien deed of trust on the Debtors principal residence located at 199 Arrowhead Lane, Stuarts Draft, Virginia.

On November 26, 2008 the Debtors filed a proposed Chapter 13 plan that provided for the Note payments of $266.07 to be made to the Rutherfords. On January 16,

2009, the Rutherfords filed an Objection to Confirmation. In their objection the Rutherfords argued that since their claim is secured by the Debtors' principal residence 11 U.S.C. § 1322(b)(2) bars the Debtors from modifying the terms of their claim by paying the Note payments over the life of the plan as opposed to paying the full amount of the claim in one lump sum as required by the Note.[1] The Rutherfords' objection and all matters pertaining to confirmation were continued several times with the last continuance date scheduled for October 7, 2009.

On August 3, 2009, the Debtors filed an amended Chapter 13 plan. In this plan, the Debtors amended their treatment of the Rutherfords' Claim and proposed to pay $458.59 per month from October 2009 to August 2012 at a 6% interest rate. The total value of these payments would be $13,896.00 which the Debtors contend was all they were required to pay for full satisfaction of the secured portion of the Rutherfords' Claim. The statutory basis for the Debtors' position is that 11 U.S.C. § 1322(c)(2) provides an exception to § 1322(b)(2)'s anti-modification provision and allows debtors to modify a secured claim whose maturity date falls before the due date for the last plan provided payment, even if the claim is secured only by debtors principal residence.[2]

The Debtors argue that because the maturity date for the Note was June 23, 2008, and that date falls before the last date upon which a plan provided payment would be made, under § 1322(c)(2) they are entitled to modify the Rutherfords' claim. Based on this theory, the Debtors' plan bifurcates the Rutherfords' claim into a secured claim valued at $13,896.00, which represents the equity remaining in the residence after the first deed of trust is satisfied, and an unsecured claim for the remaining $13,572.66.

On September 29, 2009, the Rutherfords filed an Amended Objection to Confirmation. In their amended objection the Rutherfords restated their position that the modification of the payment terms from a lump sum payment of the principal, as called for in the Note, to monthly payments, as provided for in the plan, is impermissible. Furthermore, the Rutherfords contended that the Debtors' bifurcation of their claim is impermissible under either §§ 1322(b)(2) or 1322(c)(2). A hearing on this objection was held on October 7, 2009, at which time all matters were continued for hearing on December 17, 2009.

On November 12, 2009, the Debtors again filed an amended Chapter 13 plan which modified the previous plan filed on August 3, 2009, in the following ways: (1) the plan would now pay the Rutherfords $456.73 per month; (2) payments would end in May 2012; and (3) only $12,759.49 would be paid to the Rutherfords in full satisfaction of the secured portion of their claim and the balance of the claim would be unsecured to be paid with other unsecured claims. Thus, the plan continued to

---

1. 11 U.S.C. § 1322(b)(2) states, in relevant part, "Subject to subsections (a) and (c) of this section, the plan may-modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is debtor's principal residence . . ."

2. 11 U.S.C. § 1322(c)(2) states, "Notwithstanding subsection (b)(2) and applicable non-

bankruptcy law in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title."

bifurcate the Rutherfords' Claim into secured and unsecured claims. At the December 17, 2009 hearing the Debtors proffered these proposed amendments. The Rutherfords did not appear to be heard on their objection. The Court's decision is based upon the figures and dates found in the November 12, 2009 amended Chapter 13 plan.

It has long been recognized that § 1322(b)(2) prohibits a Chapter 13 debtor from modifying in any way the terms of an undersecured claim if that claim's only security is the debtor's principal residence. *See Nobelman v. American Savings Bank*, 508 U.S. 324, 332, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).[3] *Witt v. United Companies Lending Corp. (In re Witt)*, 113 F.3d 508, 513 n. 5 (4th Cir.1997) states "that by enacting § 1322(c)(2), Congress intended to create a limited set of exceptions to § 1322(b)(2)." While *Witt* recognized that § 1322(c)(2) was an exception to the anti-modification provision found in § 1322(b)(2), the Fourth Circuit, in denying confirmation for a plan nearly identical in substance to the Debtors' latest Chapter 13 plan, held that " § 1322(c)(2) does not permit the bifurcation of an undersecured loan into secured and unsecured claims if the only security for the loan is a lien on the debtor's principal residence." *Id.* at 513–514. Pursuant to *Witt*, the Court holds that the Debtors' proposed bifurcation of the Rutherfords' Claim, as stated in their latest Chapter 13 plan, is not permissible and the plan cannot be confirmed.[4]

Accordingly, it is:

**ORDERED:**

That the Rutherfords' Objection to Confirmation is hereby **SUSTAINED** and confirmation of the Amended Chapter 13 Plan dated November 12, 2009, is **DENIED**.

---

**3.** *Nobelman* holds that where a Chapter 13 debtor's plan proposes to bifurcate an undersecured lien whose only security is an interest in the debtor's principal residence, "Section 1322(b)(2) prohibits such a modification where as here the lender's claim is secured only by a lien on the debtor's princi-

pal residence." *Nobelman*, 508 U.S. at 332, 113 S.Ct. 2106.

**4.** The Court does not address the issue of whether § 1322(c)(2) can be used by a Debtor where the loan the Debtors' plan seeks to modify matures prepetition.